MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolulelawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolulelaw808@gmail.com

Attorneys for Plaintiff
Brandie M. Payne

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRANDIE M. PAYNE, | ) | CIVIL NO. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT; JURY |
| | ) | DEMAND; SUMMONS |
| vs. | ) | |
| | ) | |
| THOMAS T. KADOTA, LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff BRANDIE M. PAYNE, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## STATUS OF THE PARTIES

1. Plaintiff BRANDIE M. PAYNE (hereinafter "PAYNE") is and was at all times mentioned herein a resident of Hilo, Hawaii.

2. Defendant THOMAS T. KADOTA, LTD., (hereinafter "KADOTA") is and was at all times mentioned herein a domestic profit corporation incorporated in the State of Hawaii, with a principal place of business in Hilo, Hawaii, doing business as K's Drive Inn and Kadota's Liquors.

## NATURE OF THE CASE

3. Plaintiff was hired by Defendant KADOTA in January 2020, as a Cashier.

4. Plaintiff was terminated from her position with Defendant KADOTA on January 5, 2021, due to discrimination based upon her being pregnant, having a disability (ADHD), retaliation for complaining about discrimination, supporting a discrimination complaint filed by her husband, and whistleblowing.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Americans With Disabilities Act of 1990, as amended.

6. The administrative prerequisites for filing this cause of action have been fulfilled. On April 19, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) for sex and disability discrimination,

and retaliation. A Dismissal and Notice of Rights was issued by the EEOC on October 14, 2021. This action is being filed pursuant to that Dismissal and Notice of Rights.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant KADOTA in January 2020, as a Cashier.

8. In late February 2020, Plaintiff notified her management supervisor that she was pregnant. Plaintiff also notified Defendant KADOTA's management that she had a disability due to ADHD.

9. In March 2020, the owner of Kadota told Plaintiff that if he had known she was pregnant that he would not have hired her. Plaintiff told him that was illegal discrimination.

10. In August 2020, the owner told Plaintiff to take a maternity leave and to apply for unemployment insurance benefits and tell them that there had been a reduction in hours which caused a lay-off from KADOTA.

11. In December 2020, Plaintiff was released to return to her job and delivered a return to work work slip to Defendant KADOTA. Plaintiff communicated that she wanted to return to work.

12. In November 2020, Plaintiff's husband had filed a discrimination claim against Defendant KADOTA's owners brother who owns Mr. K's Redemption Center.

13. On January 5, 2021, Plaintiff was terminated from employment by Defendant KADOTA. Plaintiff was notified her termination was because she had recently given birth to her child and that Defendant KADOTA would not accommodate her needs as a mother with a newly born child.

14. Defendant KADOTA's owner also told Plaintiff that she could not return to work due to her ADHD disability.

15. During her employment, the owner had made derogatory comments to Plaintiff about her ADHD disability and yelled at her for being slow at times to do calculations which were part of her job as a cashier.

16. Prior to termination from employment with Defendant KADOTA, Plaintiff was a dedicated employee in good standing with Defendant, and was able to and performed her work satisfactorily.

17. Plaintiff was terminated from her employment due to her pregnancy, disability and retaliation.

## STATEMENT OF CLAIMS

## COUNT I - SEX DISCRIMINATION

18. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

19. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to sex, including pregnancy of a woman.

20. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of Title of the Civil Rights Act of 1964, as amended.

21. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

22. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

23. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and

earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II - DISABILITY DISCRIMINATION

24. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

25. The Americans With Disabilities Act of 1990, as amended, prohibits discrimination due to a disability, and requires an employer to provide a reasonable accommodation to a person with a disability. It also provides that an employer must not retaliate against an employee for complaining about discrimination.

26. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990, as amended.

27. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

28. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from

6

unlawful employment practices, and great humiliation, which is manifest in emotional distress.

29. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT III - WHISTLEBLOWER'S PROTECTION ACT

30. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

31. The termination of Plaintiff was in violation of H.R.S. § 378-62, the Hawaii Whistleblower Protection Act due to Plaintiff's reports of violations of rules and law for which Plaintiff is entitled to an award of damages to be proven at trial.

32. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A.  For reinstatement to employment with Defendant KADOTA with full benefits; and

B.  For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C.  For special damages, including back pay, front pay and other expenses; and

D.  For damages for intentional infliction of emotional distress; and

E.  For punitive damages; and

F.  For attorney's fees, costs, and interest, including prejudgment interest; and

G.  For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, January 11, 2022.

/s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Brandie M. Payne